IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERESA ANN FOOTE,
    Plaintiff,

v.                                                         Case No. 19-1018-JTM

ANDREW SAUL,
    Commissioner of Social Security,
        Defendant.

**MEMORANDUM AND ORDER**

Teresa Foote applied for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-433 on July 18, 2015. The Commissioner of Social Security denied her application on upon initial review on September 17, 2015, and again on reconsideration, on November 24, 2015. Foote sought review by an Administrative Law Judge (ALJ). Following a hearing on May 3, 2017, the ALJ determined that Foote was not disabled within the meaning of the Act. (Tr. 21-32). The decision of the Commissioner became final when the Appeals Council declined Foote's request for review on November 30, 2018. (Tr. 6-9).

Foote then filed this appeal, arguing (Dkt. 11, at 10-16) that the ALJ erred in his assessment of her residual functional capacity (RFC) by failing to adequately account for her social limitations. For the reasons provided herein, the court finds that the Commissioner's decision was supported by substantial evidence contained in the record, and the decision of the Commissioner is affirmed.

Plaintiff-claimant Foote was born on January 26, 1959, and has stated that she became disabled on August 13, 2012 due to chronic bursitis, osteoarthritis, high blood pressure, sciatica, degenerative disk disease, L-5 spinal fusion, muscle spasms, insomnia, anxiety, and hepatitis C virus. The ALJ found that Foote suffered from the severe impairments of anxiety, depression, degenerative disk disease of the lumbar spine, degenerative joint disease, hypertension, and bilateral hip bursitis. The ALJ determined that these did not meet or exceed any listed impairment and did not preclude her from employment.

The ALJ determined that the evidence did not support Foote's claims of debilitating anxiety. Considering all her limitations, the ALJ concluded that Foote (while subject to various restrictions on physical activity) retained the RFC to perform past relevant work as a clerk typist, receptionist, and payroll clerk under CFR § 404.1565.

The detailed facts of the case, which are incorporated herein, are set forth independently in the ALJ's opinion (Tr. 24-32), the brief of Foote (Dkt. 11, at 3-9), and the Response of the Commissioner. (Dkt. 12, at 2-3). The present appeal focuses on whether sufficient evidence supports the ALJ's assessment of Foote's mental condition.

Under the Act, the court takes as conclusive the factual findings of the Commissioner so long as these are "supported by substantial evidence." 42 U.S.C. § 405(g). The court thus looks to whether those factual findings have such support, and whether the ALJ applied the correct legal standard. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence" means "more than a scintilla, but less than a

preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion." *Barkley v. Astrue*, 2010 WL 3001753, *1 (D. Kan. July 28, 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). In making this determination, the court must "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.3d 799, 800 (10th Cir. 1991)).

A claimant is disabled if he or she suffers from "a physical or mental impairment" which stops the claimant "from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue*, 501 F.Supp.2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)). This impairment "must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience." *Barkley*, 2010 WL 3001753, *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002)).

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. § 404.1520(a). The steps are designed to be followed in order. If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary. *Barkley*, 2010 WL 3001753, at *2.

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those impairments meets or equals a designated list of impairments. *Lax*, 489 F.3d at 1084; *see also Barkley*, 2010 WL 3001753, *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)). If the impairment does not meet or equal one of these designated impairments, the ALJ must then determine the claimant's residual functional capacity, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from her impairments." *Barkley*, 2010 WL 3001753, *2; *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

Upon assessing the claimant's residual functional capacity, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform his or her past relevant work or whether he or she can generally perform other work that exists in the national economy, respectively. *Barkley*, 2010 WL 3001753, *2 (citing *Williams*, 844 F.2d at 751). The claimant bears the burden in steps one through four to prove a disability that prevents performance of his or her past relevant work. *Lax*, 489 F.3d at 1084. The burden then shifts to the Commissioner at step five to show that, despite his or her alleged impairments, the claimant can perform other work in the national economy. *Id*.

The plaintiff argues (Dkt. 11, at 11-13) that the ALJ erred because the record "supports limitations in social functioning," noting in particular the assessments of state agency consultants. But while such evidence might support a finding of limitations, the

4

court's inquiry is limited to determining whether the ALJ applied the correct legal standard, and whether substantial evidence supports the ALJ's factual finding. Using this standard, the court finds no error.

The ALJ here agreed Foote had some mental limitations, but noted that she did not assert the hearing that her mental condition created any functional limitations — her testimony was directed her physical impairments. The ALJ reviewed the medical evidence, which indicted that Foote's anxiety and depression were managed by medications. In the single instance in which Foote was seen for a medicine-check prior to the last date insured, she was observed as presenting normally, with logical thoughts and good judgment and insight. The treating physician, Dr. Olga Sanford, did not recommend any work limitations based on this visit. The ALJ did not give great weight to Dr. Sanford's assessment of Foote's GAF score of 50, as this would reflect a serious impairment in social and occupational functioning, a result contradicted by Foote's own description of her daily social life.

The ALJ did not err in deciding to give little weight to an assessment by state disability examiners (George Stern, Ph.D., and Thomas Locke, Ph.D.), who wrote that Foote's anxiety would keep her from being able to work with the public. The decision was not erroneous, because, as the ALJ discussed, the general course of the medical record establishes that Foote responded well to treatment. The medical record showed that Foote's anxiety was due to her health and financial difficulties, and not to social interactions. To the contrary of the state disability examiners' assessment, Foote's own

statements indicated that she actively sought contact with other people, both on the phone and in person.

The ALJ determined that Foote was subject to only a moderate limitation on her ability to engage in social interaction, and this did not preclude her from past relevant work. The ALJ adequately explained why he generally accepted part of the consultative opinions of Stern and Locke while also discounting their specific anxiety findings, by pointing to other evidence in the record. *See Rael v. Berryhill*, 678 F. App'x 690, 694-95 (10th Cir. 2017) (ALJ may give differing weights to various parts of a medical opinion). The court is precluded from reweighing the evidence, *see Allman v. Colvin*, 813 F.3d 1326, 1332 (10th Cir. 2016), and finds no error in the decision of the ALJ.

**IT IS THEREFORE ORDERED** this day of March, 2020, that the judgment of the Commissioner is affirmed.

*J. Thomas Marten*
J. THOMAS MARTEN, JUDGE